Deborah L. **STEWART**, et al., Plaintiffs,

v.

Frank **BEPKO**, M.D., Defendant.

Civ. A. No. 81–2501.

United States District Court,
District of Columbia.

Sept. 7, 1983.

MEMORANDUM

HAROLD H. GREENE, District Judge.

In this action plaintiffs claim that defendant was guilty of medical malpractice when he allegedly failed properly to perform a sterilization procedure on the female plaintiff. A child was born to that plaintiff on March 19, 1979, and she claims various consequent injuries and damages, including injury to her relations with her husband and damages resulting from the cost of raising the child. Defendant has moved for summary judgment. The motion will be granted.

■ First. It is, of course, axiomatic that in a malpractice action plaintiff must, among other things, establish that the alleged negligence caused the injury. See W. Prosser, *Law of Torts,* § 30 at 143 (4th ed. 1971); *Kosberg v. Washington Hospital Center,* 394 F.2d 947, 949 (D.C.Cir. 1968). With respect specifically to the element of causation, it is the plaintiffs' burden to produce a medical expert who can testify that, in his opinion, and to a reasonable decree of medical certainty, the alleged negligence caused the injury. See *Kosberg v. Washington Hospital Center, supra; Sponaugle v. Pre-Term, Inc.,* 411 A.2d 366, 368 (D.C.App.1980). What is at issue here in regard to the element of causation is whether the female plaintiff was already pregnant when defendant performed the sterilization procedure. If so, obviously the procedure could not have caused the injury that is now being claimed.

■ The only medical expert identified by plaintiff during the pretrial proceedings is Dr. Marc L. Chaiken. In his deposition Dr. Chaiken stated in response to questions that

Q. Well, if the delivery on March 19, 1979 was a mature or term baby, 38 weeks or more,[1] working backwards when would you contemplate that conception probably took place?

\*　　\*　　\*　　\*　　\*　　\*

Michael T. O'Bryant, Washington, D.C., for plaintiffs.

Patrick J. Attridge, Rockville, Md., for defendant.

1. It is conceded by plaintiff that the child was a mature term baby.

A. If you use the counting backwards, it would appear that it occurred prior to the date of the laparoscopic tubal sterilization.

\* \* \* \* \* \*

Q. If we look at the spin wheel and say it was full term at 40 weeks on March 19, 1979, conception is indicated to occur sometime during the last week in June, first week in July or sometime around there.

A. That would be most probable or very probable.

Q. So it is most probable or very probable, then, that in this case the conception occurred prior to the tubal ligation?

\* \* \* \* \* \*

A. Again, it is hard to say, but I would think that conception could have occurred right around the time of the sterilization.

Deposition Tr., pp. 15–17.[2]

To be sure, Dr. Chaiken also stated in his deposition that a pathology report which was obtained at about the time of the sterilization suggests that conception occurred after the sterilization. However, the reference to a report which Dr. Chaiken did not himself prepare may be properly understood to mean only that the pathology report failed to detect an existing pregnancy. In any event, at its most favorable to plaintiffs, Dr. Chaiken's position was equivocal, and it cannot support plaintiffs' burden to show causation with a reasonable degree of medical certainty.[3]

■ Second. In the District of Columbia, the statute of limitations for an action seeking recovery for personal injuries is three years. D.C.Code Ann. § 12–301(8). The sterilization procedure was performed by defendant on July 19, 1978. On September 28, 1978 defendant advised the female plaintiff that she was thirteen to fourteen weeks pregnant, and by plaintiff's own admission she knew of her pregnancy on October 6, 1978. Nevertheless, this complaint was not filed until October 15, 1981.

Plaintiff seeks to escape the bar of the statute on two theories. First, she claims that the cause of the action did not arise until her child was born. That is incorrect. The alleged medical malpractice, of course, occurred long before then. Moreover, even if one were to isolate, somehow, a claim regarding the child from the principal medical malpractice action, that claim would be one for wrongful conception rather than wrongful birth. See *Hartke v. McKelway*, 707 F.2d 1544 (D.C.Cir.1983). To be sure, most of the claimed damages would have arisen after the birth of the child, but the cause of action was complete when plaintiff knew that she had conceived notwithstanding the sterilization procedure.

Second, plaintiff claims, relying on *Burns v. Bell*, 409 A.2d 614 (D.C.App.1979) that she did not know until 1981 that the sterilization procedure antedated her pregnancy. As indicated above, the very premise of that argument is fallacious because it appears that the pregnancy antedated the procedure. Moreover, this case is wholly unlike *Burns v. Bell* where the physician actively misled the plaintiff, and these activities led the Court to conclude that it would be inappropriate to permit him to interpose the defense of limitations. Here the most that could be said in plaintiff's favor is that she discovered only after the statute of limitations had run what, in the exercise of due diligence, she should have discovered earlier.

For the reasons stated, the Court concludes that there is no genuine issue as to material fact and that defendant is entitled

**2.** It might be noted that, according to defendant's trial brief, the experts will testify unequivocally that conception took place prior to the time defendant performed the sterilization procedure.

**3.** At oral argument, plaintiffs' counsel suggested that even if the female plaintiff was already pregnant at the time the sterilization procedure was performed, she is entitled to damages arising from the performance of that, presumably unnecessary, procedure. This claim was not presented in the complaint. In any event, that claim is clearly barred by limitations.

to judgment as a matter of law. An order will be entered accordingly.